IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HENRY KAPONONUIAHOPILI LII, FED. ID #6437-022, | CIV. NO. 12-00643 JMS-BMK |
| Petitioner, | ORDER DISMISSING PETITION AS TIME-BARRED |
| vs. | |
| STATE OF HAWAII, | |
| Respondent. | |

## ORDER DISMISSING PETITION AS TIME-BARRED

Before the court is *pro se* Petitioner Henry Kapononuiahopili Lii's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), CR No. 88-0826. On December 5, 2012, the court dismissed the Petition with leave to amend for Petitioner's failure to name a proper Respondent. The court also ordered Petitioner to show cause on or before **January 2, 2013**, why the Petition should not be dismissed as time-barred. Petitioner has filed an Amended Petition and responded to the Order to Show Cause. ECF Nos. 7-8. For the following reasons, the Petition is DISMISSED with prejudice as time-barred. Any request for certificate of appealability is DENIED.

## I. THE WARDEN IS SUBSTITUTED AS RESPONDENT

Petitioner argues that his Petition is "a Hawaii rule 40, now filing to Federal court, on 28 USC 2254," and that, therefore, the State of Hawaii is the correct Respondent. A petitioner seeking a writ of habeas corpus under § 2254, as Petitioner concedes is his intent, must name the state officer having custody of him or her as the respondent to the petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner is confined at the United States Penitentiary in Atwater, California, whose current warden is Paul Copenhaver. The court *sua sponte* substitutes Warden Copenhaver as Respondent to this suit.

## II. BACKGROUND

On or about **September 13, 1988**, Petitioner pled guilty to Promoting a Dangerous Drug in the Second Degree in CR No. 88-0826. *See* Pet., ECF #1, Mem. in Support, ECF #3; *see also* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. Petitioner was granted a deferred acceptance of guilty plea ("DAG plea") and Judgment entered on or about **February 16, 1989**. Petitioner did not directly appeal his conviction. *See id.* Approximately five years later, on or about **February 23, 1994**, Petitioner's DAG plea was revoked in CR No. 88-0826, and

he was resentenced to ten years imprisonment with credit for time served, to run concurrently with his sentences in CR Nos. 88-2308, 92-3025, and 93-3058. Petitioner did not appeal.

Approximately sixteen years later, on February 9, 2010, Petitioner filed a "Motion to Supplement Before Judgment," in the state circuit court, which was designated as a non-conforming petition for post-conviction relief pursuant to Hawaii Rules of Penal Procedure ("HRPP") Rule 40, 1PR10-1-00010.  On December 23, 2010, the circuit court denied the Rule 40 petition without a hearing. On January 26, 2012, the Hawaii Intermediate Court of Appeals ("ICA") affirmed. *See Lii v. State*, 2012 WL 255670 (Haw. App. Jan. 26, 2012).  On June 12, 2012, the Hawaii Supreme Court rejected Petitioner's application for writ of certiorari. *Id.*, 2012 WL 2161154 (Haw. Jun. 12, 2012).

Petitioner is currently serving a term of life imprisonment at the United States Penitentiary ("USP") in Atwater, California, for his February 12, 2007, judgment of conviction in *United States v. Lii*, No. 1:06-cr-00143 JMS.

Because this Petition is obviously untimely on its face, on December 5, 2012, the court *sua sponte* raised the statute of limitations issue.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (holding that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas

3

petition). Before dismissing the Petition as time-barred, however, this court provided Petitioner with notice and an opportunity to respond. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). Petitioner has responded.

### III. LEGAL STANDARD

Petitioner's claims are governed by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1), which provides:

> a one year period of limitation on applications for writ of habeas corpus by persons in custody pursuant to state court judgments. The limitation period runs from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been

>discovered through the exercise of due diligence.

Thus, under the statute, a one-year limitation period applies to applications for writs of habeas corpus, subject to certain tolling conditions. *See* 28 U.S.C. § 2244(d)(2); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions); *Corjasso v. Ayers*, 278 F.3d 874, 877-79 (9th Cir. 2002) (holding that, on a showing of extraordinary circumstances, equitable tolling may apply to part or all of a petition); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

## IV. **DISCUSSION**

Petitioner's conviction was final for purposes of § 2254(d)(1)(A), at the very latest, thirty days after the time to appeal his February 23, 1994, revocation of probation and resentencing expired, or on or about **March 25, 1994.** *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (holding that, if a petitioner could have sought review by the highest state court but did not, his conviction becomes final when the time for seeking such review elapses); *see also* Haw. R. App. P. 4(b). Accordingly, absent some basis for tolling or an alternative start date to the limitations period under § 2244(d)(1), the statute of limitations expired on or about **March 25, 1995**, and the Petition is time-barred.

…

### A.     28 U.S.C. § 2244(d)(1)(C)

Petitioner first argues that his Petition is timely under § 2244(d)(1)(C), because he is asserting a right newly recognized by the Supreme Court in *Missouri v. Frye*, ⎯ U.S. ⎯, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, ⎯ U.S. ⎯, 132 S. Ct. 1376 (2012), and made retroactively available on collateral review. Petitioner asserts that his state defense counsel was deficient for failing to communicate and properly advise him during his plea agreement.

The Ninth Circuit Court of Appeals, however, has concluded that *Frye* and *Lafler* did not announce a new rule of law made retroactively applicable to cases on collateral review.

> The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.

*Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (internal citations omitted); *see also In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (denying the filing of a second or successive § 2254 petition, holding that "*Frye* did not announce [a] new rule[] of constitutional law because [it] merely applied the Sixth

Amendment right to counsel to a specific factual context"); *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012) (same, as applied to § 2255 motion). Therefore, the right Petitioner now wishes to assert was not "initially recognized by the Supreme Court," as required under § 2254(d)(1)(C).[1]

### B.   28 U.S.C. § 2244(d)(1)(B)

Petitioner apparently argues that his attorney's alleged ineffectiveness constituted a state-created impediment to filing this Petition. But an attorney's alleged ineffectiveness is not a state-created impediment as contemplated by § 2244(d)(1)(B)." *See, e.g.*, *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bell v. Fakhoury*, 2011 WL 3809889, at *3 (C.D. Cal. May 4, 2011) (finding appellate counsel not acting on behalf of the state for purposes of § 2244(d)(1)(B)); *Lopez v. On Habeas Corpus*, 2010 WL 2991689, at *4 (E.D. Cal. July 29, 2010) (stating that even a state-appointed attorney cannot create an "impediment" "by State action" within the meaning of § 2244(d) (1)(B)); *Leyva v. Yates*, 2010 WL 2384933, at *4 n.2 (C.D. Cal. May 7, 2010) ("Counsel's actions are not 'State action' that would trigger § 2244(d)(1)(B)."); *Padilla v. Hartley*, 2009 WL 1651423, at *3 (C.D. Cal. June 10, 2009) (stating that actions of petitioner's

---

[1] To the extent Petitioner argues, under § 2254(d)(1)(D), that the factual predicate of this claim was unknown to him until *Frye* and *Lafler* were decided, this claim is frivolous and fails for the reasons set forth above.

counsel cannot be imputed to the state for purposes of extending the limitations period under § 2244(d)(1)(B)).

### C.  Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  Filing a postconviction petition *after* the statute of limitations has expired, however, does not revive statutory tolling once the statute of limitations has expired.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).  Petitioner's 2010 Rule 40 postconviction challenge to his conviction in CR No. 88-0826 did not toll the statute of limitations on his claims.

### D.  Equitable Tolling

The statute of limitations may be equitably tolled in appropriate circumstances.  *Holland v. Florida*, ––– U.S. –––, 130 S. Ct. 2549, 2560-62 (2010).  Equitable tolling is the exception, however, rather than the norm.  *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("[E]quitable tolling is unavailable in most cases.").  "[T]he threshold necessary to trigger equitable tolling is very

high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

To be entitled to equitable tolling, a petitioner must "show[] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Both elements must be met. *Pace*, 544 U.S. at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). The petitioner bears the burden of showing that equitable tolling should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Petitioner submits no argument supporting equitable tolling. He neither raises the existence of an extraordinary circumstance nor demonstrates that an extraordinary circumstance caused his untimely filing of the Petition. *See Bryant v. Ariz. Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant*, 499 F.3d at 1061.

Petitioner filed this Petition more than seventeen years after the statute of limitations ran at the conclusion of his direct criminal proceedings in state court. Petitioner provides no basis for statutory or equitable tolling of the Petition and the court finds that it is time-barred.

## V. <u>CONCLUSION</u>

Warden Paul Copenhaver is substituted as Respondent. The Petition is DISMISSED with prejudice as time-barred. A certificate of appealability is DENIED because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 11, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Lii v. State*, 1:12-00643 JMS-BMK; ORDER DISMISSING PETITION AS TIME-BARRED;G:\docs\prose attys\Habeas\DMP\2013\Lii 12-643 jms (imp rsp & time-bar).wpd